Mark A. Kille (AZ Bar No. 024441)
THE KILLE LAW FIRM, PLLC
8521 East Florentine Road, Suite A
Prescott Valley, AZ  86314
P: 928.775.9398  F: 928.775.9817
Email:  mark@killelaw.com
COUNSEL FOR PLAINTIFF

John D. Roven
Hector L. Sandoval
ROVEN-KAPLAN, LLP
2190 North Loop West, Suite 410
Houston, TX  77018
P: 713.465.8522  F: 713.465.3658
E-mail:  hsandovol@rovenlaw.com
*Pro Hac Vice Application Pending*
CO-COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ALFRED TSOSIE, Sr., JACK WILLIAMS AND HOSKIE Y. BEGAY**, <br><br> Plaintiffs, <br><br> vs. <br><br> **THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, individually and as successor in interest to the Atchison, Topeka & Santa Fe Railway Company** <br><br> Defendants. | Case No: <br><br><br> **COMPLAINT** <br><br> **(Tort –Federal Employers' Liability)** <br><br><br><br> **JURY TRIAL DEMANDED** |

NOW COMES PLAINTIFFS, ALFRED TSOSIE, Sr., JACK WILLIAMS AND HOSKIE Y. BEGAY, by and through their attorneys, and for their complaint against the Defendant, state:

### PARTIES

1.   Plaintiffs, ALFRED TSOSIE, Sr., JACK WILLIAMS AND HOSKIE Y. BEGAY are citizens of Arizona.  Alfred Tsosie, Sr. resides in Blue Gap, AZ, Jack Williams resides in Ganado, AZ,  and Hoskie Y. Begay resides in Blue Gap, AZ.

1

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout Navajo County, Arizona. Service of process may be had upon Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, by serving CT Corporation, 2394 East Camelback Road, Phoenix, Arizona 85016.

## JURISDICTION AND VENUE

3. That during the course of Plaintiffs' employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of Plaintiffs were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

4. That beginning in 1947 Plaintiff Alfred Tsosie, Sr. was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and in the vicinity of, toxic substances, including silica and silicate containing ballast rock, gravel and other hard rock aggregate material in the Defendants various railroad shops and facilities, including the shops and facilities in and around the state of Arizona.

5. That beginning in 1951 Plaintiff Jack Williams was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and in the vicinity of, toxic substances, including silica and silicate containing ballast rock, gravel and other hard rock aggregate material in the Defendants various railroad shops and facilities, including the shops and facilities in and around the state of Arizona.

6. That beginning in 1956 Plaintiff Hoskie Y. Begay was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and in the vicinity of, toxic substances, including silica and silicate containing ballast rock, gravel and other hard rock aggregate material in the Defendants various railroad shops and facilities, including the shops and facilities in and around the state of Arizona.

7. That during the course of Plaintiffs' employment with the Defendant railroad, or its predecessors, Plaintiffs were engaged in the course of their employment at its repair shops and facilities in and around Arizona and elsewhere for the Plaintiffs who worked as Laborers and in other various roles and assignments where they were required and caused to work with and in the vicinity of toxic substances, including silica and silicate containing ballast rock and silica induced lung disease. These exposures caused the Plaintiffs to contract significant and permanent injury to their persons, to-wit: silica-related lung disease which was, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. § 56.

8. That at all times relevant, the Plaintiffs were unaware of the dangerous propensities of silica and silicate-containing products they were required to work with and around and were unaware of the development of their latent abnormal medical conditions.

## CAUSE OF ACTION

9. Plaintiffs re-allege Paragraphs 1-8 as if restated here verbatim.

10. That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiffs with a reasonably safe place within which to work; a workplace free of toxic and fibrogenic dust;

3

(b) in failing to furnish Plaintiffs with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiffs of the true nature and hazardous effects of the silica/silicate containing rock, gravel, and related materials;

(d) in exposing Plaintiffs to unsafe concentrations of silica and silicate materials;

(e) in failing to design, specify, purchase and operate its self propelled track machinery in a safe and reasonable manner so as to prevent the operator from working in polluted, dusty conditions;

(f) in failing to provide Plaintiffs with safe and proper ventilation systems in its self propelled track equipment, including Ballast Regulators, Track Brooms and Tampers;

(g) in failing to provide instructions or a method for the safe manipulation and handling of ballast or hard rock track materials;

(h) in failing to provide adequate, if any, instructions in the use or removal of old ballast rock so as to avoid the creation and inhalation of dust;

(i) in failing to test ballast rock for silica content prior to requiring employees to work with the same;

(j) in formulating and using a method of handling silica and silicate-related materials exposing Plaintiffs to high concentrations of fibrogenic dust;

(k) in allowing unsafe practices to become the standard practice;

(l) in failing to exercise reasonable care in publishing and enforcing a safety plan and method for the safe handling and installation of sand gravel and rock on the right of way of the railroad;

(m) in failing to inquire of the suppliers of sand ballast rock and gravel regarding the hazardous nature of their products;

(n)  in requiring employees to work with an ultra-hazardous product;

(o)  in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiffs;

(p)  in failing to periodically test and examine the Plaintiffs to determine if he was subject to any ill effects of his exposure to sand ballast, rock and gravel or other hazardous substances;

(q)  in allowing excessive fumes, dusts, gases and chemical fumes to remain in the work area;

(r)  in failing to provide any or adequate warning to the Plaintiffs of the exposure to the uncontrolled quantities of the hazardous materials he worked with and around.

11. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiffs suffered exposure to toxic substances including silica and silicate-containing materials which caused them to sustain severe injury to their respective bodies and respiratory systems, which will likely result in impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

12. That, as a result, Plaintiffs' enjoyment of life, enjoyment of retirement and earning capacity have been greatly impaired and shortened; and further, that Plaintiffs' expected life span is greatly shortened. The Plaintiffs further allege that as a result of their health problems, they have been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor their respective permanent, progressive silica-related illnesses and potential complications resulting therefrom.

13. That Plaintiffs were strong and able-bodied men and were gainfully employed prior to the manifestation of their illnesses. As a result of these illnesses, they have suffered damages by way of lost earning capacity, fear of future cancers and/or progressive asbestosis, and by way of their

diminished ability to render services, society, affection, counseling and support to their households and families.

WHEREFORE, Plaintiffs demand judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFFS DEMANDS A TRIAL BY JURY.

DATED this 16th day of June, 2010.

Respectfully submitted,

**THE KILLE LAW FIRM, PLLC**

/s/ Mark A. Kille_____
By:  Mark A. Kille
8521 East Florentine Road, Suite A
Prescott Valley, Arizona 86314
P:  928.775.9398  F:  928.775.9817

**COUNSEL FOR PLAINTIFFS**

and

**ROVEN-KAPLAN, LLP**

_____
John D. Roven
Hector L. Sandoval
2190 North Loop West, Suite 410
Houston, TX  77018
P: 713.465.8522  F: 713.465.3658

**CO-COUNSEL FOR PLAINTIFFS**